Submitted on briefs by appellant December 11, 1923, case dismissed February 26, 1924.

# L. L. KANE *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (223 Pac. 246.)

**Master and Servant—Appeal from Industrial Commission's Decision as to Permanent Disability Held to Confer No Jurisdiction as to Partial Disability Because Too Late.**

Where, after the 60 days allowed for appeal from orders of the Industrial Accident Commission under Laws of 1921, page 583, Section 10, had elapsed as to a temporary disability issue, the claimant within the statutory time appealed to the Circuit Court from a decision of the commission denying an award for permanent disability, and the jury in the Circuit Court made no finding as to permanent disability, but only as to temporary disability, the court had no jurisdiction to try the latter issue and should have dismissed the case.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

This is an appeal by the State Industrial Accident Commission from a judgment of the Circuit Court awarding additional compensation to the claimant for injuries said to have been suffered by him on the twentieth day of March, 1922.

The whole record, exclusive of the testimony, is as follows: On the twenty-eighth day of October, 1922, the Commission issued the following "Findings and Final Action":

"The commission having passed upon Claim No. 124897, found that the same was in due and proper form, and filed within the time provided by law; that the said employee was at the time of the injury subject to the Oregon workmen's compensation law; that

Right and extent of review of findings of Commission under Workmen's Compensation Acts, see notes in **Ann. Cas.** 1916B, 475; **Ann. Cas.** 1918B, 647; **L. R. A.** 1917D, 186.

he sustained a personal injury by accident arising out of and in the course of his employment; that said employee was disabled for 7 months and is entitled to payment at the rate of $55.00

per month, or a total of..........$385.00
The commission now finds that said
employee has been paid........... 372.17
And is now entitled to receive the further payment of ................ 12.83

in full settlement for any and all claims arising out of such injury as above listed on the records of the state industrial accident commission.''

And on January 22, 1923, the Commission issued the following ''Findings and Final Action'':

''The commission having heretofore considered the claim of the above employee, finds

''That L. L. Kane sustained an accidental injury while in the employ of the Murphy Timber Company on March 20, 1922, and that on account of such injury he was paid compensation as a temporary total disability from March 20, 1922, to October 20, 1922, at $55 per month and in a total amount of $385;

''That following the final payment to October 20, it was agreed that the commission would examine the claimant on or about January 20, 1923, for the purpose of determining whether or not any permanent partial disability existed which would entitle him to further compensation and that following such an examination the commission would reopen the claim and issue new findings from which the claimant would have the right of appeal;

''That the claimant was examined by the chief medical examiner of the commission on January 19, 1923, and such examination revealed no condition which would entitle the claimant to further compensation under the provisions of the 'Workmen's Compensation Law.'

''That it is hereby ordered that no further compensation be paid to the claimant on account of his injury of March 20, 1922, and that claim shall be closed.''

On the sixteenth day of March, 1923, the claimant filed in the Circuit Court for Multnomah County the following notice of appeal:

"Comes now L. L. Kane, the plaintiff above named, by his attorney, B. A. Green, and appeals from the findings and final action of the state industrial accident commission, dated January 22, 1923, denying and refusing award to the above-named plaintiff for injuries received by him arising out of and in the course of his employment and more particularly described and set out in the files and records of claim 124897. Plaintiff herein appeals from the decision and final action and the whole thereof, asking for a trial by jury relating to each and every question relating to said appeal and claim and his right to compensation."

On the sixteenth day of May, 1923, said cause was tried by a jury, and on the fourth day of June, 1923, there was entered the following judgment order:

"This cause coming on for trial on the day regularly set therefor, to wit, the 16th day of May 1923, before the Honorable Robert G. Morrow, judge of the above-entitled court; L. L. Kane appearing in person and by his counsel, B. A. Green, and the state industrial accident commission appearing by James West, assistant attorney general of the state of Oregon. Upon motion duly made on behalf of the state industrial accident commission by James West, the title of this cause was changed to conform with the title which appears in this judgment order.

"A jury having been duly impaneled and sworn, and after hearing the opening statement of counsel for the claimant and the opening statement of counsel for the commission, and the testimony of witnesses produced on behalf of the claimant, the commission by statement of counsel, producing no testimony, and the jury having heard the closing argument of counsel for claimant, and the counsel for the commission waiving argument, and the jury having been duly instructed, did upon the 16th day of May, 1923, at the

hour of 4:15 P. M. retire for deliberation and at the hour of 5:15 P. M. did return its verdict as follows:

" 'In the Circuit Court of the State of Oregon for the County of Multnomah.
" 'Case No. 2503.
" 'Re L. L. Kane.
" 'Claim No. 124897.
" 'Verdict.

" 'We, the jury, duly impaneled, do find that L. L. Kane did not receive proper award on account of his injury of March 20, 1922, and do make answer to special questions submitted to us as follows:

" '1. Did L. L. Kane suffer temporary total disability on account of said injury?   Answer—Yes.

" '2. If so, when did his temporary total disability cease?   Answer—Feb. 20, 1923.

" '3. Did he suffer temporary partial disability? Answer—Yes.

" '4. If so, for what period of time?   Answer—Two months.

" 'Dated this 16th day of May, 1923.'

"Wherefore, in conformity with said verdict and said answers to the questions as propounded to said jury, the court does, upon this 16th day of May, 1923, make and enter herein its findings of fact and judgment as follows, to wit:

"That L. L. Kane was employed and working for the Murphy Timber Company at the time of his injury, to wit, the 20th day of March, 1922.   That said Murphy Timber Company was operating under and pursuant to the provisions of the workmen's compensation act of the state of Oregon and said L. L. Kane suffered an accident by violent and external means arising out of and in the course of his employment. That said L. L. Kane made proper and regular and timely application to the state industrial accident commission for compensation on account of said accident and said injury, and thereafter the state industrial accident commission made its final findings and final action and said L. L. Kane gave due, legal and

timely notice of his appeal from said findings and final action.

"The court does find that the state industrial accident commission has not heretofore justly considered all the facts pertaining to the injury sustained by L. L. Kane, and has misconstrued the law and facts applicable thereto, and has not made proper award to said L. L. Kane, and the decisions and findings of the said commission are hereby reversed and modified as follows, to wit: This claim is referred back to the state industrial accident commission and the said commission is ordered forthwith to fix compensation for said L. L. Kane and to make payment of compensation in accordance with the law as made and provided, conforming in all regards to this order, to wit, that the said commission shall pay to said L. L. Kane total time lost to and including Feb. 20, 1923, for temporary total disability incurred, and shall pay to said L. L. Kane from Feb. 20, 1923, to April 20, 1923, temporary partial disability as provided by statute, and that a copy of this order, duly certified to by the county clerk, shall be served upon the state industrial accident commission by delivering a copy thereof to the commission, or its counsel, by registered mail, and that L. L. Kane recover his costs and disbursements incurred herein in the sum of $—— to be taxed."

DISMISSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General.

No appearance for respondent.

McBRIDE, C. J.—Upon this record we do not think the claimant was entitled to be heard upon the question of temporary disability upon his appeal to the Circuit Court.

It appears from the records of the Commission that on the twenty-eighth day of October, 1922, the Com-

mission finally passed upon Kane's claim and awarded to him, in addition to the sum of $372.17 theretofore paid, the further sum of $12.83, which was its final action upon the claim. It further appears that on the nineteenth day of January, 1923, no formal or written application having been made, or at least none appearing in the record, the Commission reopened the case for the purpose of ascertaining whether or not any permanent partial disability existed which would entitle the claimant to further compensation, and, upon such examination, found that no condition existed which entitled the claimant to further compensation for permanent partial disability. From this latter decision the claimant appealed and the case was heard before a jury, to whom was submitted the special verdict heretofore set out.

Taking the record as a whole, we find that claimant had a right of appeal from the decision of the Commission as to temporary disability beginning from the twentieth day of October, 1922, and, not having exercised that right within sixty days, as required by Section 10, Chapter 311, General Laws of Oregon for 1921, he had no further right of appeal, except from the subsequent finding of the commission as to his alleged permanent partial disability. The verdict did not find that claimant had any permanent partial disability, and the fact of temporary total disability or temporary partial disability was not an issue which the court had jurisdiction to try.

The case should have been dismissed and it is so ordered here.    Dismissed.